

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. T. Fribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

       Opinion No. 0-6330
       Re: Whether nepotism statute
       (Art. 432 P.C.) is violated
       when trustee of common
       school district continues
       to serve on board after
       teacher, who has taught
       several months under con-
       tract with Board, marries
       said trustee's first cousin
       (by consanguinity)

     We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter. Your letter, in part, reads as follows:

    "At the beginning of the school year the trustees
as a common school district, in good faith, employed
a young lady to teach school in the district. After
the contract was made, approved, and the teacher had
taught several months, the teacher marries a first
cousin (by consanguinity) of a member of the school
board. May the trustee who became so related to the
teacher lawfully continue to serve on the school
board of the district?"

     Article 432, Vernon's Annotated Penal Code, reads,
in part, as follows:

    "No officer of this State or any officer of any
. . . . school district . . . . shall appoint, or vote
for, or confirm the appointment to any office, position,
clerkship, employment or duty, of any person related

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. T. Pribble, Page 2

within the second degree by affinity or within the
third degree by consanguinity to the person so ap-
pointing or so voting, or to any other member of
any such board, . . . . of which such person so
appointing or voting may be a member, when the
salary, fees, or compensation of such appointee
is to be paid for, directly or indirectly, out of
or from public funds or fees of office of any kind
or character whatsoever . . . "

Article 433, Vernon's Annotated Penal Code, reads,
in part, as follows:

"The inhibitions set forth in this law shall
apply to and include . . . . members of any and all
Boards . . established by or under the authority of
any general or special law of this State . . . .
members of school boards of incorporated cities and
towns, public school trustees . . . .."

Heretofore, this department has passed on questions
similar to that raised by your inquiry. In opinion No. O-667
this department held that Article 432 of the Penal Code was
satisfied when the prohibited degree of relationship between
a teacher and trustee did not exist at the time the contract
was made, and that a contract would not become void by a
changed relationship between the trustee and teacher after
said contract was made.

From the facts stated in your letter, it is appar-
ent that the prohibited degree of relationship between the
teacher and trustee did not exist at the time the teaching
contract was made. It is therefore the opinion of this de-
partment that the teacher may complete the term of the present
contract without the resignation of said trustee, since the
prohibited degree of relationship did not exist at the time
of the employment under the contract. However, it is our
opinion that Articles 432-433, P.C., would be violated should
the board of trustees and said teacher make a new contract
when said trustee, who is a first cousin of the teacher's
husband, is a member of the board of trustees, for the pro-
hibited degree of relationship (second degree by affinity)
would exist at the time of the employment of said teacher
under such new contract.

onorable A. T. Pribble, Page 3

Trusting that the foregoing fully answers your inquiry, we are

                              Yours very truly

                        ATTORNEY GENERAL OF TEXAS

By
                              J. A. Ellis
                              Assistant

JAE:ddt

APPROVED JAN 1945

FIRST ASSIST
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN